**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**


IN RE:
**GENERAL BROWN, JR.**                                   **CASE NO. 09-60082**
**TONIA R. BROWN**

**DEBTORS**


**JUNE MORRIS**                                            **PLAINTIFFS**
**MARIE LYNCH**

**V.**                                                 **ADV. NO. 09-6057**

**GENERAL BROWN, JR.**                                 **DEFENDANTS**
**TONIA R. BROWN**


<u>**MEMORANDUM OPINION**</u>

Individual debtors in a bankruptcy proceeding are presumed entitled to a discharge except in those circumstances specifically outlined in the Bankruptcy Code. Exceptions to discharge are narrowly construed in favor of the debtor. *In re Zwosta*, 395 B.R. 378, 382-83 (B.A.P. 6th Cir. 2008). Under 11 U.S.C. § 523(a)(6), debts incurred for the willful and malicious injury by the debtor to another entity or the property of another entity are excepted from discharge. The issue in this adversary proceeding is whether a summary decision should enter finding that the debt held by the Plaintiffs was not the result of a willful and malicious injury by the Defendant to the Plaintiffs or to the property of the Plaintiffs. The law provides a summary decision is proper where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56, FED. R. BANKR. P. 7056. The evidence in this case supports entry of a summary decision in favor of the Defendant finding the Defendant is entitled to a

discharge because debt at issue is not excepted from discharge by operation of 11 U.S.C. § 523(a)(6).

The following facts are not disputed:

Defendant General Brown Jr. entered into a written contract with Plaintiffs June Morris and Martha Marie Lynch on August 18, 2001, whereby Plaintiffs agreed to sell to Brown a boundary of timber owned by Plaintiffs (Doc. No. 8, Answer, Exhibit 1).  Brown commenced logging the identified property pursuant to the agreement.

In June 2002, Gatliff Coal Company, Inc. filed suit against Morris, Lynch and Brown in the Knox Circuit Court alleging the parties wrongfully removed timber from Gatliff property. Morris and Lynch filed a cross-claim against Brown.  (Doc. No. 1, Complaint, Exhibit 2). Brown filed *pro se* answers to the complaint and the cross-claim.  (Complaint, Exhibit 3).

Brown failed to answer discovery as ordered by the state court and the court sanctioned Brown.  The court struck Brown's answers to the complaint and the cross-claim as a part of the sanction.  (Complaint, Exhibit 5).

The state court entered default judgment for Gatliff against Brown on March 19, 2004, finding that Brown, *inter alia*, "trespass[ed] upon the plaintiff's property located in the Hubbs Creek area of Knox County, Kentucky, and intentionally, maliciously and knowingly cut and sawed down, or caused to be cut and sawed down, with the intent to convert same to his own use, timber growing upon the land of the plaintiff and has defaced the surface of the land of the plaintiff."  (Complaint, Exhibit 6).

The state court entered default judgment for Morris and Lynch against Brown on April 7, 2004, finding, *inter alia*, the "negligence and liability of Defendant/Cross-Claim Defendant, General Brown, Jr., must be and hereby is established by this Court as a matter of Law" and

"June Morris and Martha Marie Lynch, are entitled to complete and total indemnification from Defendant/Cross-Claim Defendant, General Brown, Jr."   (Complaint, Exhibit 7).   The court reserved an award of damages for later ruling.

On April 15, 2004, the state court entered an agreed judgment for Gatliff against Morris and Lynch in the amount of $60,000.00, which amount would be reduced to $45,000.00 if paid within 30 days.   (Complaint, Exhibit 8).   The judgment was satisfied by Morris and Lynch's payment of $45,000.00.   (Complaint, para. 19).

The state court awarded damages to Morris and Lynch against Brown in the amount of $52,379.11, with interest at 12% per annum from August 23, 2004.   (Complaint, Exhibit 9).

On January 23, 2009, Brown and his wife Tonia R. Brown filed for relief under chapter 7 of the United States Bankruptcy Code and were assigned case number 09-60082.   On July 10, 2009, Plaintiffs filed an adversary complaint against Defendants General Brown and Tonia Brown based on the provisions of 11 U.S.C § 523(a)(6) requesting the denial of a discharge of the indebtedness associated with the state court's monetary judgment for Morris and Lynch. Claims against Tonia Brown were dismissed on October 29, 2009.   (Doc. No. 31).   On August 17, 2010, General Brown filed a motion for summary judgment.   (Doc. No. 56).

Entry of a summary decision is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.   FED. R. BANKR. P. 7056(c)(2).   Further, a summary decision is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007).

3

Section 523(a)(6) of the Bankruptcy Code exempts from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.   11 U.S.C. § 523(a)(6).  A creditor relying on § 523(a)(6) must demonstrate that the debtor "either (1) intended to cause injury to the Creditor or to the Creditor's property, or (2) engaged in an intentional act from which the Debtor believed injury would be substantially certain to result." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *Call Federal Credit Union v. Sweeney (In re Sweeney)*, 264 B.R. 866, 870-871 (Bankr. W.D. Ky. 2001).  The legal standard for determining the dischargeability of debt under § 523(a)(6) dictates a debtor must "will or desire harm" or "believe injury is substantially certain to occur as a result of his behavior." *Markowitz*, 190 F.3d  at 465 n.10.  Nondischargeability under § 523(a)(6) requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

In the Complaint and Response to Defendant's Motion for Summary Judgment, Plaintiffs argue the intentional acts of Brown were the timbering of Gatliff trees and the contractual failures to obtain insurance and consent from adjoining land owners as required by state law. (Response, Doc. No. 61).  Plaintiffs contend the "injury" at issue was an injury to Plaintiffs caused by the "loss of funds" resulting from payment of the Gatliff judgment.  (Response, pg. 2).

Plaintiffs also contend a genuine issue of material fact exists as to whether Brown's failure to meet Brown's contractual (obtain logging insurance), statutory (per KRS 364.130) and "common sense" duties under their agreement constitutes the willfulness and maliciousness required under 11 U.S.C. § 523(a)(6).  This is incorrect.  The determination of whether the injury was willful and malicious is a question of law.  *Zwosta*, 395 B.R. at 383.  The material facts in this matter are not in dispute.

4

Avoidance of a summary decision requires Plaintiffs to show Brown desired the consequences of his acts or that he knew the consequences and injury to Plaintiffs were substantially certain to result from his actions. *McGee v. Marcum*, 184 F.App'x 464, 467 (6th Cir. 2006).

The Sixth Circuit created a non-exclusive list of the types of misconduct that satisfy the willful and malicious injury standard. The list includes intentional torts such as intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises. *In re Musilli*, 2010 WL 2222806, at *4 (6th Cir. 2010). Gatliff's default judgment against Brown contains findings that sound in intentional tort, *i.e.* Brown "intentionally, maliciously and knowingly cut and sawed down… trees." The Morris and Lynch state court default judgment against Brown, however, contains findings that sound in negligence, *i.e.* "negligence and liability of [Brown] must be and hereby is established… as a matter of law."

Plaintiffs argue that Brown's intentional acts in failing to obtain insurance or failing to confirm ownership of the logged trees caused Plaintiffs to incur an injury. Plaintiffs further argue the injury, which is the payment of the Gatliff monetary judgment, was "a substantial and foreseeable certainty" resulting from Brown's intentional acts. The uncontroverted facts alleged in the Complaint and Plaintiffs' Response, including the testimony given by Brown at his deposition (Response, Exhibit 1), Brown's admission of intentionally timbering the property with knowledge of the disputed ownership, and Brown's failure to follow statutory requirements for notice to adjoining property owners, do not rise to the level of intent required for an intentional tort. There is no evidence in the record that Brown desired, intended, or was

substantially certain that Plaintiffs would be subjected to a monetary judgment of $60,000.00 if he timbered the property.

Plaintiffs argue in the Response that Brown was negligent, perhaps grossly so, in conducting his logging operation. Injuries resulting from a party's negligence or gross negligence do not rise to the level of willful and malicious behavior required by § 523(a)(6). *McGee v. Marcum*, 184 F.App'x 464 (6th Cir. 2006).

The record in this proceeding establishes that Brown intended to timber trees which the record reveals were on Gatliff property. The property injured by Brown's intentional act is that of Gatliff, not of Morris and Lynch. Brown may have willfully failed to obtain insurance or ascertain ownership of the trees, but that only establishes willful acts on Brown's part. Those acts do not establish Brown desired to cause Morris and Lynch the injury of paying the Gatliff judgment. There is also no evidence in the record establishing that Brown believed Plaintiffs' injury of paying the judgment was substantially certain to occur as a result of Brown's behavior. Perhaps Gatliff, if its judgment were not previously satisfied, could maintain a § 523(a)(6) action under these facts, but not Morris and Lynch.

Brown's apparent negligence does not equate to the "willful injury" requirement enunciated in *Geiger*. There is no issue of material fact as to whether Brown's actions caused a willful and malicious injury as required by § 523(a)(6) and as interpreted by *Geiger* and *Markowitz*. *See McGee v. Marcum*, 184 F.App'x at 467. "The willful and malicious standard is a stringent one, and 'debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6).'" *In re Best*, 109 F.App'x 1 (6th Cir. 2004) quoting *Geiger*, 523 U.S. at 64. An "intentional or deliberate act alone does not constitute willful and malicious conduct under § 523(a)(6)." *In re Romano*, 59 F.App'x 709 (6th Cir. 2003).

6

The record contains no evidence showing the Plaintiffs can meet their burden and prove that Defendant timbered the Gatliff property intending to cause injury to Plaintiffs or that Defendant intentionally cut the timber believing that injury to Plaintiffs would be substantially certain to result.  As a matter of law, Plaintiffs cannot show that: (1) they had an interest in the property at issue, *i.e.* the Gatliff timber; (2) an act of Brown, *i.e.* timbering the property, caused an injury to Plainitffs or to their property; and (3) the injury at issue was both willful and malicious.  *Zwosta*, 395 B.R. at 383.  Plaintiffs fail to make a showing sufficient to establish the existence of elements essential to Plaintiffs' case, therefore entry of summary judgment is proper.

An order will enter in accordance with the foregoing granting Brown's motion for summary judgment.

Copy to:
Ryan R. Atkinson, Esq.
Scott M. Webster, Esq.
Ross E. Murray, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
**_Joseph M. Scott, Jr._**
**Bankruptcy Judge**
**Dated: Wednesday, November 10, 2010 (jms)**